# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIAL PLATA, | 1:06-cv-01023-LJO-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| WOODFORD, et. al., | (Doc. 19) |
| Defendants. | |

**I.  SCREENING ORDER**

Marcial Plata ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his Complaint on August 7, 2006. (Doc. 1.) The Court screened and dismissed the Complaint with leave to amend. (Doc. 12.) After receiving extensions, Plaintiff filed his First Amended Complaint on December 10, 2008. (Doc. 19.)

**A.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga, California – where the acts he complains of allegedly occurred.  Plaintiff names defendants: California Department of Corrections Director, Jeanne S. Woodford; PVSP Warden, James A. Yates; Chief Deputy Warden A. Malfi; Associate Wardens B.J. Hill and W.J. Juarez; Captain V.J. Quinn-Robicheaux; Lieutenants K.R. Nash, V. Ramirez, and J.C. Smith; Sergeants B. Cramer and B. Torres; Correctional Officers R. Juarez, E. Corona, D. Watson, J. Duty, J. Lopez, Silva, Pasillas, Guerra, Walker, Espino, D. Gonzales, K. Session, and P. Sanchez; and John/Jane Does 1-35.

The Court appreciates Plaintiff's efforts towards condensing and clarifying his claims from the original Complaint (145 pages) to the First Amended Complaint (21 pages).  The Court is now able to tell that Plaintiff's claims are premised on retaliation for Plaintiff's involvement in the class action over medical care in California prisons.  Plaintiff delineates five causes of action, one of which is cognizable.  Plaintiff seeks declaratory judgment and monetary damages.

The Court provides Plaintiff with one final opportunity to amend his complaint and provides the following legal standards that appear to apply to his claims based on the causes of

action that Plaintiff delineates. However, should Plaintiff choose to file a Second Amended Complaint, he is advised that he still must clearly and concisely specify his claims for relief against each defendant and their factual basis – much as he did in his First Amended Complaint.

### C. Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

While Plaintiff's original Complaint did not comply with Rule 8(a), Plaintiff's First Amended Complaint complies with Rule 8(a) by providing short and plain statements of his claims. Plaintiff is reminded that he should endeavor to do the same if he chooses to file a Second Amended Complaint.

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's preface allegation that all of the defendants retaliated against him because of his role in the class action over the medical care at California prisons is insufficient to meet the requirements of Rule 18.  The individual incidents of retaliation must either have a factual or party nexus to meet Rule 18's requirements.  Thus, the Court will only address the instances of retaliation that share defendants – October 12, 2003 and December 19, 2003 actions by C/Os Watson, E. Corona, and Doe #6.  If Plaintiff believes his other allegations of retaliatory acts are properly brought in this action, he must clarify their factual nexus, or show which defendants were involved in all acts so as to meet the requirements of Rule 18.  However, until Plaintiff alleges such factual or party nexus, all of his causes of action other than as alleged to have occurred on October 12, 2003 and December 19, 2003 by C/Os Watson, E. Corona, and Doe #6, violate Rule 18 and must be brought in separate actions.

Plaintiff is advised that if he chooses to file a Second Amended Complaint, and fails to comply with Rule 18, the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff mentions "Sergeant Turner" in his factual allegations, but fails to name such a defendant in the caption, in Section III of the form complaint, nor in his handwritten section identifying the parties to this action. If Plaintiff intends to pursue claims against "Sergeant Turner," he must appropriately identify this person as a defendant in this action.

**D.    Causes of Action**

    **1.** *Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Both litigation in court and filing inmate grievances are protected activities

and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances).

Plaintiff's claims that C/Os Watson and E. Corona told a group of "Southern Hispanic" inmates that, due to Plaintiff's prior lawsuit, Plaintiff received a large sum of money and caused a lack of funds for staffing and inmate programs and activities. These "Southern Hispanic" inmates approached the "Paises" inmate population, indicating that if the "Paises" did not assault Plaintiff the "Southern Hispanics" would to get Plaintiff removed from the yard. The "Paises" declined, and on October 12, 2003 and December 19, 2003, C/Os Watson, E. Corona, and Doe #6 allowed several "Southern Hispanic" inmates to be released along with Plaintiff during evening meal release. C/Os Watson, E. Corona, and Doe #6 then watched as Plaintiff was assaulted and did nothing to prevent the assault. Subsequently, Plaintiff was placed in the special needs yard. Plaintiff premises all allegations of his causes of action with a statement that, due to his role in a class action over the medical care in California prisons, the named defendants have repeatedly singled out, intimidated, harassed, and threatened Plaintiff. This states a cognizable claim for retaliation against C/Os Watson, E. Corona, and Doe #6.

These allegations also state a cognizable claim against C/Os Watson, E. Corona, and Doe #6 for failing to protect and/or provide for Plaintiff's safety. As the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate

6

indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Farmer, 511 U.S. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835.  The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

Telling inmate gang members that Plaintiff's lawsuit resulted in monies for Plaintiff and a lack of funds for staffing and inmate programs and activities (actions likely to engender animosity towards Plaintiff) coupled with Plaintiff twice being assaulted by that inmate gang, shows, sufficiently for pleading purposes,  that C/Os Watson, E. Corona, and Doe #6 intentionally jeopardized Plaintiff's safety.

### 2. *Due Process and Inmate Appeals*

Plaintiff appears to grieve the processing, and reviewing of his 602 inmate appeals.  The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,

855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable claim for the processing and/or reviewing of his inmate appeals. All of Plaintiff's claims regarding the processing and/or reviewing of his inmate appeals are not cognizable and subject to dismissal.

### 3. *Supervisory Liability -- Failure to Administer, Train, & Supervise*

In City of Canton, Ohio v. Harris, 489 U.S. 378 (1989), the Supreme Court held that, under certain circumstances, a municipality may be held liable based on the failure to train its employees. This Court finds no authority for the extension of City of Canton and its progeny to a state prison official being sued in his personal capacity. It appears to this Court, following a review of the relevant case law, that the cases involving failure to train are limited to suits against city and county entities. This is not to say that Plaintiff cannot allege facts involving the failure to train that are sufficient to state a claim under a theory of supervisory liability.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must

be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

It is possible that the failure to train employees in a particular respect may amount to a policy or practice of failing to provide employees with adequate training, and that the policy or practice of failing to provide adequate training amounts to deliberate indifference.  However, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff's allegations against Woodford, Yates, Malfi, Hill, Juarez, Quinn-Robicheaux, Nash, Ramirez, Smith, Cramer, and Torres are essentially no more than conclusions that theses defendants are responsible for the acts of all subordinate employees, that they breached their duties to administer, train, and supervise subordinate employees, "established policies and procedures are constantly ignored and violated by subordinate employees due to a lack of appropriate disciplinary procedures and inadvertent consequences of their actions." (Doc. 19, pg. 17.)  Thus, Plaintiff fails to state cognizable claims against Defendants Woodford, Yates, Malfi, Hill, Juarez, Quinn-Robicheaux, Nash, Ramirez, Smith, Cramer, and Torres.  Further, the Court is unable to see how any such allegations against these supervisory defendants is related to Plaintiff's cognizable claims for retaliation and failure to protect, as discussed above, against C/Os Watson, E. Corona, and Doe #6.  Thus, such claims against these supervisory defendants

are subject to dismissal for violating Rule 18.

## II.     CONCLUSION

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed, with leave to file a Second Amended Complaint within thirty days.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with one final opportunity to amend to cure the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his Second

Amended Complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File a Second Amended Complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file a Second Amended Complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 5, 2009**            /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE