# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIAL PLATA,<br><br>                    Plaintiff,<br><br>     v.<br><br>WOODFORD, et al.,<br><br>                    Defendants. | 1:06-cv-01023-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO WITHDRAW CONSENT TO JURISDICTION OF MAGISTRATE JUDGE<br><br>(Doc 51.) |

**I.      RELEVANT PROCEDURAL HISTORY**

Marcial Plata ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 7, 2006. (Doc. 1.) On August 28, 2006, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 3.) On January 21, 2011, Defendants also consented to the jurisdiction of a United States Magistrate Judge. (Doc. 48.) On January 27, 2011, the Court reassigned this action to the undersigned to conduct any and all proceedings in the case pursuant to § 636(c). (Doc. 49.) On February 15, 2011, Plaintiff filed a form declining the jurisdiction of a United States Magistrate Judge, which the Court treats as a request to withdraw Plaintiff's consent. (Doc. 51.)

**II.     CONSENT TO JURISDICTION OF A MAGISTRATE JUDGE**

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993); Pacemaker

1

1  Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). This right can be waived, allowing parties to consent to trial before a magistrate judge. Dixon at 479-480; Pacemaker at 542; 28 U.S.C. § 636(c)(1). Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon at 480 (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed.R.Civ.P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480.

Plaintiff has submitted a signed form declining the jurisdiction of a United States Magistrate Judge, together with an explanation addressed to the Court Clerk. Plaintiff explains, "I received a document in regards to my case ... document no. 47[1]... I don't read English, and a fellow cell [mate] informed me that the letter in question asked me if I wanted a different Judge that I would have to sign part of the document and return it ... I [] ask the Courts that my case be revised (*sic*) by a United States District Judge." (Doc. 51 at p. 3.) Plaintiff has not shown good cause or presented evidence of extraordinary circumstances for the Court to allow Plaintiff to withdraw his consent to jurisdiction of the Magistrate Judge. Therefore, Plaintiff's request shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request to withdraw his consent to the jurisdiction of a United States Magistrate Judge is DENIED.

IT IS SO ORDERED.

Dated:   **February 16, 2011**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Document no. 47 on the Court's docket is Defendants' consent to the jurisdiction of a United States Magistrate Judge.