IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIAL PLATA,<br><br>    Plaintiff,<br><br>    vs.<br><br>WOODFORD, et al.,<br><br>    Defendants. | 1:06-cv-01023-GSA-PC<br><br>ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 57.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Marcial Plata ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the First Amended Complaint, filed by Plaintiff on December 10, 2008, against defendants Watson and Corona ("Defendants"), on Plaintiff's claims for retaliation and failure to protect.[1] (Doc. 19.) The parties to this action have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and on January 27, 2011, the case was reassigned to the undersigned to conduct any and all proceedings in the case, including trial and entry of final judgment. (Docs. 3, 48, 49.)

On August 12, 2011, the Court issued an order extending the deadline until September 30, 2011, for Plaintiff to file a response to Defendants' motion for terminating sanctions. (Doc. 57.) The deadline

---

[1] This action also proceeds against a Doe Defendant; however, Plaintiff has not identified this defendant or provided information to enable service of process.

1

expired more than two weeks ago, and Plaintiff has not filed a response to Defendants' motion or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than five years.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by defending his case against a motion for terminating sanctions.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to defend against defendants' motion for terminating sanctions that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

///

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Therefore, based on the foregoing analysis, this action shall be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, based on Plaintiff's failure to obey the Court's order of August 12, 2011; and

2. The Clerk is directed to close this case.


IT IS SO ORDERED.

Dated: **October 17, 2011**        **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

3